E-FILED
Tuesday, 27 September, 2022  04:05:11 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## AT SPRINGFIELD

QUINYATTE HARRELL,

        Plaintiff,

    v.

JUSTIN MOREAU, et al.

        Defendants.

Case No. 21-CV-2185-SEM-KLM

### AGREED HIPAA QUALIFIED & GENERAL PROTECTIVE ORDER

The parties to this Agreed HIPPA Qualified and General Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.    <u>Purpose</u>.   Good cause exists for the entry of this protective order because discovery in this case will involve the production and disclosure of personal and confidential information, including personally identifiable information protected under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996), and its relevant implementing regulation, 45 C.F.R. § 164.512. Discovery in this case will involve the production and disclosure of private and confidential records or information protected by the Privacy Act, 5 U.S.C. § 552a. The Court finds that disclosure of these types of information by the parties is necessary to conduct discovery on the issues relevant to this case.

2.    <u>Disclosure Authorization</u>.   Pursuant to 5 U.S.C. § 552a(b)(11) and 45 C.F.R. § 164.512(e), the Court authorizes the parties to produce information that would otherwise be prohibited from disclosure under the Privacy Act or HIPAA. The Court further authorizes covered entities to produce any protected health information sought by a party to this lawsuit pursuant to a subpoena, discovery request, or other lawful process, 45 C.F.R. § 164.512(e)(1)(ii), as well as any

protected health information for which this Court has specifically ordered or authorized production. 45 C.F.R. § 164.512(e)(1)(i). For purposes of this order, the terms "covered entity" and "protected health information" are defined in 45 C.F.R. § 160.103. The parties do not need to present separate motions to this Court requesting release of such otherwise confidential information. To the extent the Privacy Act and HIPAA allow the disclosure of information pursuant to a Court order, this Order constitutes such a Court Order and authorizes the disclosure of that information. This Protective Order also authorizes the parties to produce information contained in, referenced in, or pertaining to Plaintiff's claims in the lawsuit filed in case number 21-CV-2185. Nothing in this paragraph requires the production of information that is prohibited from disclosure by other applicable privileges, statutes, regulations or authorities by which the parties may be bound. Protected health information will not be filed under seal, unless the Court grants a motion to seal filed by a party. CDIL-LR 5.10.

3.    <u>Confidential Information</u>.    As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, law enforcement, or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personal or employment records of a person who is not a party to the case; (h) information containing the addresses, email addresses, and/or phone numbers of witnesses. Information or documents that are available to the public may not be designated as Confidential Information.    As per the Court's September 7, 2022 Order, all discovery which reveals the

addresses, email addresses, and/or phone numbers of witnesses shall be designated "ATTORNEYS' EYES ONLY." Any such documents shall also be produced on a non-ATTORNEYS' EYES ONLY basis with the addresses, email addresses, and/or phone numbers of witnesses redacted. Otherwise, a designating party must have a compelling reason to mark information "ATTORNEYS' EYES ONLY" and thereby prevent review of that information by a receiving party.

4. <u>Designation</u>.

 (a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

 (b) If a Party disagrees with a designation of "Confidential Information," it shall provide the producing party written notice of its challenge and the reasons why it believes the confidentiality designation was not proper. The parties then must confer in good faith and attempt to resolve the issue. The designating party must respond to the challenge within fourteen business days. If the parties cannot resolve the dispute, they may file a motion with the court that identifies the challenged material and sets forth in detail the basis for the challenge. The producing party bears the burden of showing that information is "Confidential" as defined herein and must show a compelling reason to designate any document "ATTORNEYS' EYES ONLY". Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order. Failure to challenge a designation immediately does not waive a party's ability to bring a later challenge.

5.      <u>Depositions</u>.  "Confidential Information" contained in any statement made during an oral deposition may be designated as "Confidential" through a statement made on the record. The failure of any party to designate information as Confidential Information during a deposition does not waive a party's ability to later designate a statement or document used at a deposition as Confidential Information. Within 60 days after a transcript is delivered to any party or the witness, and any event no later than 90 days after testimony was given, a party may serve a Notice of Designation to all parties as to specific portions of the testimony that are designated Confidential Information and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.  As per the Court's September 7, 2022 Order, if the deponent is asked to state the addresses, email addresses, and/or phone numbers of witnesses, the deponent must be given the option to confidentially provide the information to counsel for the parties in writing.

6.      <u>Protection and Disclosure of Confidential Information</u>.

(a)      Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraphs (1)-(9) below for any purpose whatsoever other than in this litigation, including any appeal thereof.   If information is marked "CONFIDENTIAL INFORMATION", the parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9) below.  If information is marked "ATTORNEYS' EYES ONLY", counsel for the parties shall not disclose or permit the disclosure of such designated information to any party or any third party or entity except as set forth in subparagraphs (1), (3)-(9) below.  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1)      Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

(2)    Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3)    The Court and its personnel;

(4)    Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5)    Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6)    Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action;

(7)    Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8)    Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9)    Others by Consent. Other persons only by written consent of the producing party or upon agreement of the parties. If the parties cannot come to an agreement, the party seeking disclosure may move the Court for modification of this Protective Order to permit disclosure.

(b)    Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.

7.    <u>Inadvertent Failure to Designate</u>. An inadvertent failure to designate a document as Confidential Information does not waive the right to so designate the document; however, a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if

inadvertent, waives any protection for deposition testimony. If a party inadvertently fails to designate material as "Confidential Information" at the time of production, it shall take reasonable steps to notify all receiving persons of its failure within five business days of discovery. The producing party shall promptly supply all receiving persons with new copies of any documents bearing corrected confidentiality designations, and the receiving party shall return or destroy the original materials, and certify in writing to the producing party that such information has been destroyed.

8.     Filing of Confidential Information.    This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 5.10.   As per the Court's September 7, 2000 Order, home addresses, email addresses, and telephone numbers of witnesses must be redacted when documents containing this information are filed, absent a Court order allowing the public filing of the information.   This requirement does not apply to medical records containing the publicly available address of a medical provider.

9.     No Greater Protection of Specific Documents.    Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

10.     Challenges by a Party to Designation as Confidential Information. Consistent with paragraph 4(b), the designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a)     Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality

designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within fourteen (14) business days.

(b)     Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

11.     Action by the Court. Motions to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

12.     "No Contact Agreement." Plaintiff Harrell agrees not to affirmatively approach and contact the following third party witness: Lianne Oyler. This agreement does not include any random contact that may occur in a public place and does not prevent Plaintiff Harrell from electronically or telephonically attending Ms. Oyler's deposition.

13.     Use of Confidential Documents or Information at Trial. This Order does not affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

14.     <u>Confidential Information Subpoenaed or Ordered Produced in Other Litigation</u>.

(a)     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material designated as Confidential Information, the receiving party must notify the designating party, in writing, immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and provide a copy of this order to the requesting party.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

15.     <u>Challenges by Members of the Public to Sealing Orders</u>. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

16.     <u>Obligations on Conclusion of Litigation</u>.

(a)     Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     Obligations at Conclusion of Litigation. Within sixty days after final disposition of this action, all Confidential Information, including copies thereof, shall be returned to the producing party or destroyed. However, the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information.

(c)     Any party may request that another party certify in writing that all documents have been returned or destroyed; such certification shall be provided within 30 days of a request for certification.

(d)     If a party fails to certify their compliance with this Order or otherwise fails to comply with the Order, the requesting party may move the court to enforce this order or to impose any sanction necessary to enforce the order.

(e)     Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel of record may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

17.     <u>Order Subject to Modification.</u> This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter. The Parties may modify this Protective Order through a written agreement signed by counsel for all parties.

*So Ordered.*

Dated: 9/27/2022

s/Karen L. McNaught
_____
U.S. Magistrate Judge Karen L. McNaught

WE SO MOVE and agree to abide by the terms of this Order


_____/s/ James P. Gaughan_____          _____/s/ Joshua I Grant_____
James P. Gaughan                            Joshua I. Grant
Riley Safer Holmes & Cancila LLP            Assistant United States Attorney
Counsel for and on behalf of Plaintiff      Counsel for and on behalf of Defendants Justin
Quinyatte Harrell                           Moreau, Thomas Greiner, and Keith Kinney


Dated: September 15, 2022                    Dated: September 15, 2022